

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.	CRIMINAL NO. 2:16-CR-00239
	18 U.S.C. § 1343
	26 U.S.C. § 7201

KIM COOPER

# INFORMATION

The United States Attorney charges:

### COUNT ONE
### (Wire Fraud)

The Scheme to Defraud

1. Beginning on or about June 30, 2004, and continuing through on or about March 24, 2016, defendant KIM COOPER did knowingly devise and intend to devise a scheme to defraud and to obtain money from her employer, Mountain State Justice, Inc., by means of materially false and fraudulent pretenses and representations.

Background

At all relevant times:

2. Mountain State Justice was a non-profit organization that provided legal services and representation for low-income West Virginians in civil lawsuits. Mountain State Justice was based in Charleston, West Virginia, and also had an office in Clarksburg,

1

West Virginia. Mountain State Justice had an eight-member board of directors, which managed its affairs.

3. From time to time, and in the course of providing legal services and representation, Mountain State Justice received checks in the mail as part of the settlement of lawsuits. Some of those checks were payable to Mountain State Justice for attorneys' fees.

4. COOPER began working at Mountain State Justice, in Charleston, West Virginia, in the late 1990's, performing clerical work. Her responsibilities grew over time, and eventually she became the office manager at Mountain State Justice in Charleston. As such, she reported directly to the executive director of Mountain State Justice.

5. As the office manager, COOPER was responsible for overseeing daily operations in the Charleston office, including preparing and making deposits of checks into Mountain State Justice's bank accounts; properly accounting for deposits; and providing financial information to an outside accountant.

6. The outside accountant reconciled bank statements, paid bills, prepared a budget, and prepared quarterly income statements based on information from Mountain State Justice's bank account statements and other records. The income statements reflected Mountain State Justice's revenues, which included attorneys' fees paid to Mountain State Justice.

7. As part of her responsibilities, COOPER sent the income statements via e-mail to the members of Mountain State Justice's board of directors. One of the board members resided outside of West Virginia.

8. It was the policy and practice of Mountain State Justice to compile, in a folder in the Charleston office, the information and materials that the outside accountant needed to perform her duties. Such materials included bank statements received in the mail for all of the various accounts of Mountain State Justice.

Manner and Means for Carrying Out the Scheme

The manner and means by which COOPER carried out her scheme to defraud Mountain State Justice included the following:

9. On or about June 30, 2004, COOPER opened a money market account at WesBanco Bank, Inc. (the "WesBanco account"), at a branch in Charleston, West Virginia. The WesBanco account was opened in the name of Mountain State Justice, but COOPER was the only Mountain State Justice employee aware of the existence of the account. The outside accountant was not aware of the WesBanco account.

10. COOPER had signature authority over the WesBanco account, so she could write checks on it. COOPER kept the checkbook for the WesBanco account.

11. Beginning in approximately early July 2004, COOPER began to steal certain checks that had been mailed or delivered to

Mountain State Justice and which were made payable to Mountain State Justice. The checks represented payment of attorneys' fees owed to Mountain State Justice for its work on lawsuits on behalf of its clients.

12. COOPER, without authorization, deposited the stolen checks into the WesBanco account.

13. After depositing the stolen checks into the WesBanco account, COOPER wrote checks on the WesBanco account to herself and to a close family member ("family member"). COOPER endorsed those checks and deposited them into an account at City National Bank that was in COOPER's name and the name of the family member. COOPER then wrote checks on the City National account to pay her rent and the rent of her family member, make car payments for her vehicle and those of her relatives, and make credit card and other payments for personal expenses.

14. COOPER hid her criminal activity in many ways, including:

- Secretly opening and maintaining the WesBanco account;

- Stealing attorneys' fees checks and subsequently depositing them into the WesBanco account;

- Omitting the attorneys' fees checks from Mountain State Justice's cash log;

- Taking and hiding all mail from WesBanco, including envelopes containing statements for the WesBanco account, to ensure that they were not placed in the office folder for the outside accountant and to conceal,

from the other employees of Mountain State Justice and the outside accountant, the very existence of the account.

15. Furthermore, COOPER sent false and fraudulent quarterly income statements via email to the members of Mountain State Justice's board of directors, knowing that the income statements were inaccurate inasmuch as they understated Mountain State Justice's income from attorneys' fees because they did not include the monies COOPER had stolen.

16. In this manner, from approximately June 30, 2004, through on or about March 24, 2016, COOPER defrauded Mountain State Justice out of over $1.5 million.

Use of the Wire in Furtherance of the Scheme

17. On or about December 1, 2015, at or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, and elsewhere, defendant KIM COOPER knowingly transmitted and caused to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, and signals, for the purpose of executing the above-described scheme. That is, COOPER sent an email to a member of Mountain State Justice's board of directors who resided outside of West Virginia and who received the email outside of West Virginia. The email included an attachment, which was an income statement that understated the amount of attorneys' fees received by Mountain State Justice through November 2015. COOPER knew that the income

statement contained the false and fraudulent information when she sent it via email to the board member outside of West Virginia.

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO
### (Tax Evasion)

1.  The United States Attorney re-alleges and incorporates by reference paragraphs 2 through 16 of Count One of this Information as if fully set forth herein.

2.  At all relevant times, defendant KIM COOPER was a resident of Saint Albans, West Virginia, who worked for Mountain State Justice, Inc. in Charleston, West Virginia.

3.  During the calendar year 2015, COOPER had and received taxable income in the sum of $316,572.49. This income included monies that COOPER took by fraud from Mountain State Justice, as described in the paragraphs incorporated by reference from Count One, and actual, legitimate wages received from Mountain State Justice. Upon that taxable income, there was owing to the United States an income tax of 88,075.17.

4.  From on or about January 1, 2015, until on or about April 15, 2016, at or near Saint Albans, Kanawha County, West Virginia, within the Southern District of West Virginia, defendant KIM COOPER, well knowing and believing the foregoing facts, did willfully attempt to evade and defeat the income tax due and owing by her to the United States for the calendar year 2015, in the amount of $76,291.17, by the following affirmative acts of evasion:

    - COOPER hid from her employer, Mountain State Justice, and its outside accountant, the existence of the money market account at WesBanco Bank, Inc., that she used to deposit checks she had stolen from Mountain State Justice.

- COOPER wrote numerous checks on the secret WesBanco account to a close family member and disguised the true purpose of the checks by writing false information on the memo line of each check. Such false information included notations that the checks were to reimburse the close family member for "payroll," "conference/expenses," travel, or a bonus. The notations gave the false impression that COOPER's close family member was actually employed by Mountain State Justice and thus hid the fact that the WesBanco account was not a legitimate business account, but merely a conduit for COOPER to use the monies for her own personal benefit.

- COOPER failed to make an income tax return on or before April 15, 2016, as required by law, to any proper officer of the Internal Revenue Service, and pay to the Internal Revenue Service the income tax owed.

In violation of Title 26, United States Code, Section 7201.

UNITED STATES OF AMERICA

CAROL A. CASTO
United States Attorney

By: _____
PHILIP H. WRIGHT
First Assistant United States Attorney